David Henretty, OSB 031870
dhenretty@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Ave., Suite 812
Portland, OR 97204
Tel:  (503) 473-8684

Bill Niese, OSB 081087
bniese@oregonlawcenter.org
OREGON LAW CENTER
455 S. Fourth Street, Suite 5
Coos Bay, OR 97420
Tel:  (541) 269-2616

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| IRENE LOPEZ-FLORES, | Case No. |
| Plaintiff, | COMPLAINT |
| vs. | (Civil Rights: Unlawful Seizure) |
| DOUGLAS COUNTY, and JOHN HANLIN, sheriff of Douglas County, in his official capacity, | 42 U.S.C. § 1983 |
| Defendants. | DEMAND FOR JURY TRIAL |

I. NATURE OF THE ACTION

1. This is a civil rights action based on an unlawful arrest and detention. Defendants

Douglas County and John Hanlin have a practice of seizing and detaining persons at the request

Page 1  - COMPLAINT

of U.S. Immigration Customs and Enforcement ("ICE"), regardless of whether they have probable cause to believe those persons have committed a crime or are subject to a judicial warrant for their arrest. Plaintiff Irene Lopez-Flores is a victim of that practice who was detained by Defendants at Douglas County's jail despite the fact that bail had been posted on her behalf and she was entitled to release. She seeks damages pursuant to 42 U.S.C. § 1983 for Defendants' violation of her rights under the Fourth and Fourteenth Amendments, and an award of attorney fees pursuant to 42 U.S.C. § 1988.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, as Plaintiff's claims arise under the Fourth and Fourteenth Amendments to the United States Constitution and Plaintiff seeks remedies authorized by 42 U.S.C. § 1983.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because Defendants reside in this District and all of the events giving rise to these claims occurred here.

## III. PARTIES

4. At all relevant times, Plaintiff was a resident of Oregon.

5. Defendant Douglas County ("Defendant County") is a municipality and political subdivision of the State of Oregon.

6. Defendant John Hanlin is the sheriff of Douglas County ("Defendant Sheriff").

## IV. FACTUAL ALLEGATIONS

7. Defendant County operates the Douglas County Jail in Roseburg, Oregon.

8. Defendant Sheriff has custody and control of all persons confined in the Douglas County Jail and is responsible for the day-to-day operations of the Douglas County Jail.

9. On or about December 4, 2017, plaintiff was lodged in the Douglas County Jail based on

a probable cause arrest for alleged violations of Oregon law.

10. On December 5, 2017, ICE sent an immigration detainer (Form I-247) relating to plaintiff to the Douglas County Jail/Sheriff's Office.

11. The immigration detainer requested that the Douglas County Jail/sheriff notify ICE "as early as practicable . . . before [plaintiff] is released from [the Douglas County Jail/sheriff's] custody." The detainer also requested that the Douglas County Jail/sheriff "maintain custody of [plaintiff] for a period not to exceed 48 hours beyond the time when [she] would have otherwise been released from your custody to allow [the U.S. Department of Homeland Security] to assume custody." The detainer was not accompanied by a warrant signed by a judge or magistrate or any other document giving Defendants authority to maintain custody of the plaintiff beyond the time when she would be entitled to release on her local charges.

12. On December 5, 2017, plaintiff was arraigned on the alleged violations of Oregon law, and Douglas Circuit Court set bail in the amount of $15,000.

13. By 10:15 a.m., on December 7, 2017, plaintiff had posted bail and was entitled to release on the alleged violations of Oregon law.

14. Based on information and belief, Defendants notified ICE on December 7, 2017, that plaintiff had posted bail.

15. Defendants delayed plaintiff's release after she had posted bail and was entitled to release to allow ICE to assume custody of plaintiff.

16. Defendants continued to maintain custody of plaintiff solely based on the immigration detainer until 12:30 p.m., on December 7, 2017.

17. Defendants have a policy, practice, or custom of detaining inmates, solely due to the existence of an immigration detainer and notwithstanding that bail had been set by the state trial

court, who would otherwise be released because they posted bail, or have otherwise resolved their criminal charges and are entitled to release.

18. Because of Defendants' unlawful actions, plaintiff has suffered loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress, and other non-economic losses in an amount to be determined at the time of trial.

## V. CLAIM FOR RELIEF

Fourth Amendment (Unlawful Seizure):  42 U.S.C. §1983

19. Defendants continued to detain plaintiff without any basis in state law after her criminal matter had been resolved and solely on the basis of the immigration detainer, thus depriving her of her liberty.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court grant her the following relief:

1. Her compensatory damages in an amount to be determined at the time of trial;

2. Her costs and attorney fees pursuant to 42 U.S.C. § 1988; and

3. Such other and further relief as this Court deems just and proper.

Plaintiff demands a jury trial.

DATED this 10th day of June, 2019.

                           OREGON LAW CENTER

                           s/David Henretty
                           David Henretty, OSB 03187
                           (503) 473-8684
                           Of Attorneys for Plaintiff